UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| NOVASTAR MORTGAGE, INC | : | Case No. 1:05-cv-02804 |
| | : | |
| Plaintiff, | : | Judge Kathleen M. O'Malley |
| | : | |
| vs. | : | |
| | : | |
| RUBINA SARDON, *et al.* | : | **JUDGMENT** |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff NovaStar Mortgage, Inc.'s *Motion for Default Judgment and Decree in Foreclosure* (Doc. 19), to obtain judgment against Defendant Rubina Sardon (as described in the Complaint), to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.  The Court finds that all defendants are in default of Motion or Answer:

- Rubina Sardon; and
- Unknown Spouse, if any; and
- Buddy's Carpet & Flooring, LLC; and
- Michael J. Ehrhardt.[1]

The Court further finds that the Clerk's Entry of Default was filed herein on March 20, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the Plaintiff from the Rubina Sardon upon the subject Note, the

---

[1] Defendants Buddy's Carpet & Flooring, LLC and Michael J. Ehrhardt are nominal defendants in so far as they were named simply because Plaintiff believes they may have a potential interest in the property, as outlined in the Preliminary Judicial Report attached to the Complaint.  Despite notice of this action, however, they have asserted no interest in the property.

principal balance of **<u>$106,996.24</u>**, for which judgment is hereby rendered in favor of the Plaintiff and against Rubina Sardon, with interest at the rate of **<u>9.75 percent per annum from July 1, 2005</u>**, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by Plaintiff to enforce its rights under the subject Note and Mortgage.

The Note is secured by the Mortgage held by the Plaintiff, which constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Bedford, County of Cuyahoga and State of Ohio: And known as being part of Original Bedford Township Lot No. 44 and bounded and described as follows: Beginning on the Westerly line of land conveyed to Margaret W. Gould by May C. Whitacker by deed dated April 4, 1908 and recorded in Volume 1145, Page 630 of Cuyahoga County Records at a point 230 feet Southerly, measured along said Westerly line from its point of intersection with the Northerly line of said Original Lot No. 44, said point of beginning being also the Northeasterly corner of land conveyed to Frank F. Flick by Z. T. Flick and Mary E. Flick by deed dated April 27, 1917 and recorded in Volume 1954, Page 458 of Cuyahoga County Records; Thence westerly along the northerly line of the land conveyed to Frank F. Flick, as aforesaid, 200 feet to the Easterly line of West Glendale Avenue (Formerly Known as Wood Creek Boulevard; Thence Northerly along said line to a point at a right angle distance of 95 feet from the Northerly line of the land conveyed to Frank F. Flick, as aforesaid; Thence Easterly and parallel with the Northerly Line of the land conveyed to Frank F. Flick, as aforesaid 200 feet to the Westerly line of the land conveyed to Margaret W. Gould, as aforesaid; Thence Southerly along said line 95 feet to the place of beginning, be the same more or less, but subject to all legal highways.
>
> Parcel Number: 812-24-027
> Commonly known as: 274 W. Glendale Street, Bedford City, OH 44146

Taking as true the allegations contained in Complaint, the Court finds that the Mortgage was filed of record on January 30, 2004, and recorded as Instrument Number 200401301076 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an "Assignment of Mortgage" filed of record on December 20, 2005 as Instrument Number 200512200021 in the Cuyahoga County Recorder's Office; that the conditions of said

Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE ORDERED** that, unless the sums hereinabove found to be due to Plaintiff NovaStar Mortgage, Inc., and the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an Order of Sale shall issue to the United States Marshal of the Northern District of Ohio, directing him to seize, maintain control and custody, and sell same at public sale on the steps of the Cuyahoga County Courthouse, Cleveland, Ohio or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. Daily Legal News is designated as the appropriate newspaper in which to advertise the sale of the property. The Marshal shall report his proceedings to this Court.

**IT IS FURTHER ORDERED** that the Marshal shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication. In the event that an Order of Sale is returned by the Marshal unexecuted, subsequent Orders of Sale shall issue in accordance with the Court's instructions.

**IT IS FURTHER ORDERED** that the additional rights and responsibilities of the parties shall be as follows:

1. The Marshal, or his or her representative, is authorized to have free access to the Property and to take all actions necessary to seize, maintain control and custody, and sell the Property.

2. Rubina Sardon, or anyone else occupying the Property with the permission of Rubina

Sardon, shall vacate the property, taking with them their personal property within (30) days from the date that this Order is entered (but leaving all improvements, buildings, fixtures, and appurtenances to the real property). Also within 30 days from the entry of this Order, the Defendants are ordered to turn over all keys (including duplicates) to the Property to the Marshal located at Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland OH 44113-1830. If any person occupying the real property fails or refuses to leave and vacate the realty by the time specified herein, the Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the items remaining in or on the Property thereafter are deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove them and dispose of them in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied under the same guidelines as described herein for the proceeds of the sale of the Property.

3. Until she vacates the real property, Rubina Sardon shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on the real property) in its current condition. Until the Property is sold, she shall not commit waste against the Property, nor shall she cause or permit anyone else to do so.

4. Once the property is vacated, Plaintiff shall take whatever steps are necessary to preserve and maintain the Property, including retaining a locksmith or other person

to change or install locks or other security devices on any part of the Property and insuring that no plumbing pipes and/or fixtures freeze and/or burst, until the deed to the realty is delivered to the ultimate purchaser.

**IT IS FURTHER ORDERED** that the United States Marshal, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the United States Marshal for his or her fees and to satisfy all costs incurred by the Marshal incident to the seizure, custody, control, advertising, and sale of the property.

2. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the United States Marshal's Sale.

3. To the Plaintiff NovaStar Mortgage, Inc., the sum of $106,996.24, with interest at the rate of 9.75 percent per annum from July 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by Plaintiff to enforce its rights under the Note and Mortgage.

4. The balance of the sale proceeds, if any, shall be held by the United States Marshal to await further orders of distribution by this Court.

The purchaser of the Property is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

As the holder of the first lien (other than real estate taxes), Plaintiff is authorized to credit bid at the foreclosure sale the amount it is owed under this judgment. Since Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Marshal's sale,

Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises, or alternatively, the Clerk of Common Pleas Court of Cuyahoga County, to release liens filed of record in that office.

**IT IS SO ORDERED.**

                                            <u>s/Kathleen M. O'Malley</u>
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: April 13, 2006**